IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HECTOR PARADA, )
# M09010, )
 )
 )
       Plaintiff, ) Case No. 19-CV-0056-SMY
 )
vs. )
 )
WEXFORD HEALTH SOURCES, INC., )
AND VENERIO SANTOS, )
 )
       Defendants. )

## MEMORANDUM AND ORDER

**PHILIP G. REINHARD, United States District Court Judge:**[1]

    Plaintiff Hector Parada, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lincoln Correctional Center ("Lincoln"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while housed at Centralia Correctional Center ("Centralia"). Plaintiff alleges that he has not received adequate medical care for a skin rash, as well as chronic debilitating headaches, back and leg pain, and other recurring ailments. He seeks injunctive and monetary relief.

    This case is now before the court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

    In his complaint, plaintiff appears to allege that he has received inadequate medical care for at least two different sets of conditions. ([1]). His complaint is hard to follow, as he appears to have omitted several pages of this court's fill-in-the-blank Section 1983 form. However, he has included copies of grievances and a medical record which are properly considered part of the

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 248 of the United States District Court for the Southern District of Illinois.

1

complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The grievances and other documents contain information about plaintiff's skin condition and his chronic conditions and the failure to adequately treat those conditions.

In a November 15, 2016 grievance, plaintiff complained that when he arrived at Centralia in May of 2016, he told Dr. Santos about a previous diagnosis of a skin condition, but Santos only gave him allergy medications which had no effect on the condition ([1] at 13). In the grievance, plaintiff references a medical visit prior to his time at Centralia where it was allegedly concluded that he should undergo more comprehensive testing to understand the particular nature of his skin condition (*Id.*). Thus, he sought urine and serological studies, as well as treatment via two specific medications (*Id.*). The Counselor's Response portion, dated November 23, 2016, stated that Santos saw plaintiff on November 14, 2016, and concluded no further testing was appropriate but that he would see plaintiff again in three weeks (*Id.*). The grievance was deemed a non-emergency (*Id.*). A subsequent Grievance Officer's Report concluded that plaintiff was receiving needed treatment, the Chief Administrative Officer concurred, and plaintiff appealed on December 13, 2016 (*Id.* at 15).

A handwritten letter from plaintiff to the ARB dated December 12, 2016, discusses a biopsy of his skin taken at the University of Illinois ([1] at 9). In the letter, plaintiff states that there are two medications that could be used to treat a fungus that was detected on his skin and requests treatment via those medications (*Id.*). He appended the surgical pathology report from the University of Illinois which indicates, "the findings are not entirely specific as to specific disease process. …Therefore an additional sample may be helpful to further characterize the disease process in this patient, with a portion sent for bacterial and fungal cultures." (*Id.* at 10). The medical document also notes that the biopsy was done on the right forearm of a "generalized rash mostly macular pruritic unresponsive to steroids and antifungal agents, present for 9-10 years." (*Id.* at 11). Stamps on the medical report reflect that it was received by the ARB on December 23, 2016 and May 15, 2017 (*Id.*).

Plaintiff also filed a grievance on May 2, 2017, complaining of health conditions that have developed over the last five years including: frequent and debilitating headaches, chronic low back pain, extending into his legs; debilitating leg weakness; plantar fascia pain; chronic stomach pain; frequent nausea; night sweats; abdominal swelling; and, synchronization ([1] at 16). Plaintiff alleged that he visited the clinic at least eight times that year alone, often paying a copay for these chronic problems, to no avail (*Id.*). Plaintiff sought to be reimbursed for co-pays and to receive immediate medical care on-site or off-site for his chronic conditions (*Id.* at 2). He alleged that Santos has prescribed him various medications upon each "assumptive diagnosis" but that he has seen no improvements (*Id.*). The grievance was marked as an expedited emergency on May 10, 2017 (*Id.* at 1).

On May 10, 2017, Grievance Officer Susan Walker reviewed the May 2, 2017 grievance that had been deemed an emergency ([1] at 16-18). Walker recited information gathered from the healthcare unit (*Id.* at 18). She learned that plaintiff apparently has not complained of any chronic conditions from his date of confinement—May 24, 2016, until March 20, 2017 (*Id.*). On March 22, 2017, plaintiff apparently was seen by Santos for some of the chronic conditions, but Santos concluded that his complaints were not specific, and a physical exam did not reveal accompanying

symptoms (*Id.*). Apparently, plaintiff was also seen on April 3, 2017 for annual review, but there is no information about the substance of that visit (*Id.*).

In his complaint, plaintiff names Wexford Health Sources, Inc. ("Wexford") and its employee Santos as defendants. He alleges that "Santos intentionally denies adequate and proper medical treatment to inmates as a means of cost-effectiveness in order to receive a bonus from Wexford at the end of the year according to the Wexford Contract with its employees, staff, and providers." ([1] at 3).

Based on the limited information available, the court can discern three potential claims presented in the complaint. To the extent there may be additional allegations on the missing pages of the court's complaint form, plaintiff may file an amended complaint setting forth all his claims in a single pleading.

## Discussion

Based on the allegations in the complaint, the court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference to plaintiff's skin rash by Dr. Santos**
>
> **Count 2:** **Eighth Amendment deliberate indifference to plaintiff's chronic head, back, leg, and stomach conditions by Dr. Santos**
>
> **Count 3:** **Eighth Amendment deliberate indifference via a policy or practice of declining appropriate medical care to promote cost savings by Wexford Health Sources, Inc.**

The parties and the court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any other claim that is mentioned in the complaint but not addressed in this order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of inmates and imposes an obligation upon prison officials to provide them with adequate medical care for serious medical conditions. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). An Eighth Amendment claim for the denial of medical care has an objective and a subjective component. The objective component requires an inmate to demonstrate that he suffers from an "objectively, sufficiently serious" medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A condition is considered sufficiently serious if failure to

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

treat it could result in the unnecessary and wanton infliction of pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective component requires plaintiff to demonstrate that each individual defendant responded to his serious medical condition with deliberate indifference. *Greeno*, 414 F.3d at 653.

The precise nature of plaintiff's skin rash or abnormality is difficult to determine because he does not list it with particularity, and the medical record he appended is inconclusive. However, the medical record recommends further examination of the condition, so that suffices to establish at this early juncture that plaintiff has a serious condition. As to the subjective treatment of his condition, plaintiff alleges that Santos only gave him allergy medication for the rash, which did nothing. It is reasonable to draw an inference (as the court must at this stage of pleading) in plaintiff's favor that he informed Santos on subsequent visits that the allergy medications were not effective in any fashion. As such, he has adduced enough information to state a valid claim for deliberate indifference. *See Arnett*, 658 F.3d at 754 (A medical professional's actions may reflect deliberate indifference if he "chooses an easier and less efficacious treatment without exercising professional judgment…[or] simply continues with a course of treatment that he knows is ineffective in treating the inmate's condition."). As such, Count 1 survives screening.

## Count 2

The legal standards that apply to plaintiff's skin condition also apply to his chronic pain allegations. Plaintiff's severe headaches, which allegedly are debilitating, satisfy the objective component of this claim at screening. *Edens v. Larson*, 110 Fed. App'x. 710, 714 (7th Cir. 2004) (unpublished) (citing *Look v. Heckler*, 775 F.2d 192, 193 (7th Cir. 1985) (cluster headaches)). Additionally, his chronic and debilitating back and leg pain are sufficiently serious medical conditions to satisfy the objective component of screening. *See Diaz v. Godinez,* 693 Fed. App'x 440, 443-44 (7th Cir. 2017) (summarizing numerous recent Seventh Circuit cases holding that conditions that cause serious or chronic pain are sufficient at the pleading stage of an Eighth Amendment case as serious medical conditions). As to the subjective component, plaintiff alleged that he saw Santos on more than one occasion and got either no treatment or ineffective treatment. The actual course of treatment provided will shed light on whether or not Santos was deliberately indifferent, but at this juncture plaintiff has identified sufficient facts to proceed beyond the initial screening of his case.

## Count 3

In *Shields v. Illinois Dept. of Corrections,* 746 F.3d 782, 796 (7th Cir. 2014), the Seventh Circuit held that Wexford may be held liable for deliberate indifference if an inmate can establish that he has been harmed by a custom, policy, or practice of Wexford. Here, plaintiff has alleged that at least part of the failure to provide him adequate treatment was due to an explicit Wexford policy incentivizing its employees to undertreat prisoners. This is adequate for the claim to proceed so that plaintiff may have the benefit of discovery and briefing on the matter.

## **Motion for Recruitment of Counsel**

Plaintiff has filed a Motion for Recruitment of Counsel ([3]), which is **GRANTED**. Plaintiff discloses four unsuccessful efforts to contact attorneys via written correspondence, to which he has received no response. The question then is whether "given the difficulty of the case," the plaintiff is "competent to try it himself." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). This requires a determination of both difficulty of the case and the competence of the litigant. *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013).

Here, both factors weigh in favor of the court exercising its discretion and appointing counsel. It appears that this case will involve complex questions of the adequacy of the treatment plaintiff received for his various conditions, which in turn may involve relatively technical discovery. With respect to his ability to pursue this action *pro se*, plaintiff indicates that he has a fifth-grade education, no legal education and a limited knowledge of the law. He also indicates that he does not speak or understand English, as Spanish is his native language. This suggests that he may not be competent to respond to legal motions and conduct the potentially complex discovery which are likely to arise even at this early stage of the case. *See Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (factors including functional illiteracy, poor education, inexperience with civil litigation, and incarceration demonstrate denial of appointed counsel was an abuse of discretion). As such, the court will appoint counsel by separate order.

### **Disposition**

**IT IS HEREBY ORDERED** that **Counts 1 and 2** will proceed against **defendant Venerio Santos.**

**IT IS FURTHER ORDERED** that **Count 3** will proceed against **defendant Wexford Health Sources, Inc.**

**IT IS ORDERED** that the Clerk of Court shall prepare for defendants Venerio Santos and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this memorandum and order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk of Court within 30 days from the date the forms were sent, the Clerk of Court shall take appropriate steps to effect formal service on that defendant, and the court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk of Court with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk of Court. Address information shall not be maintained in the court file or disclosed by the Clerk of Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Pursuant to Administrative Order No. 248 of the United States District Court for the Southern District of Illinois, this case is **REASSIGNED** to Judge Staci M. Yandle for all pending issues, including plaintiff's request for injunctive relief.

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 7/30/2019

*Philip G. Reinhard*
Philip G. Reinhard
**United States District Court Judge**

### Notice to Plaintiff

The court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an answer to your complaint. It will likely take at least **60 days** from the date of this order to receive the defendants' answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed answers, the court will enter a scheduling order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need only submit the pages missing from his complaint to the court.**